COMMON PLEAS COURT
WARREN COUNTY OHIO
FILED

15 APR -8 AM 11: 50

SPAETH
CLERK OF COURTS

*Randolph H. Freking (0009158)*
*Trial Attorney for Plaintiff*

**IN THE COURT OF COMMON PLEAS**
**WARREN COUNTY, OHIO**

| | | |
|---|---|---|
| JOSHUA GODFREY<br>4744 Shephard Rd.<br>Batavia, Ohio 45103<br><br>Plaintiff,<br><br>v.<br><br>MASTEC, INC.<br>4457 Bethany Road, Building #3<br>Mason, Ohio 45040-8128<br><br>Statutory Agent:<br>CSC-Lawyers Incorporating Service<br>50 W. Broad St., Suite 1800<br>Columbus, Ohio 43215<br><br>Defendant. | : | Case No. 15CV87073<br>Judge Peeler<br><br>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

**PARTIES**

1. Plaintiff Joshua Godfrey is an individual residing in Clermont County, Ohio.

2. Defendant MasTec, Inc. ("Defendant"), d/b/a MasTec Advanced Technologies, is a Florida corporation with offices in Mason, Ohio where Plaintiff was offered employment.

3. Defendant is an employer within the meaning of Ohio law.

## JURISDICTION AND VENUE

4. This suit is brought pursuant to the common law of the State of Ohio for breach of contract, promissory estoppel, fraudulent misrepresentation, and negligent misrepresentation.

5. Venue and jurisdiction are proper in this Court pursuant to Rule 3(B) of the Ohio Rules of Civil Procedure. Plaintiff was offered employment to work in Warren County, Ohio and Defendant is present and transacts business in Warren County, Ohio.

## FACTUAL ALLEGATIONS

6. On August 16, 2013, Defendant extended a written offer for employment to Plaintiff as a Home Security Installation Technician at Defendant's Cincinnati office, contingent only upon a successful drug screen. A true and accurate copy of the August 16, 2013 offer of employment is attached hereto as Exhibit A.

7. On that same day, Plaintiff accepted, signed, and returned his application for employment to Ashley Gamble, one of Defendant's recruiters.

8. On or about August 17, 2013, Plaintiff resigned from secure employment so that he could begin work for Defendant on August 30, 2013. Plaintiff did so in reliance upon Defendant's promises.

9. In connection with the offer, Plaintiff was instructed to report to Defendant's Dallas/Ft. Worth location on September 3, 2013 and a plane ticket and rental car were arranged for him.

10. In connection with the offer, Plaintiff submitted to, and passed, a drug screen.

11. However, on August 29, 2013 and the eve of his employment, Defendant called Plaintiff and retracted the offer.

12. The various promises and representations Defendant made in August of 2013 regarding the Plaintiff's future employment as a Home Security Installation Technician with

Defendant induced Plaintiff to leave the job he had held for over a year. Defendant was aware of Plaintiff's employment status, and that he would have to resign prior to working for Defendant.

13. Plaintiff's reliance on Defendant's promises prevented Plaintiff from earning the pay that he would have received from his previous employment, and caused him to incur expenses related to preparation for the job with Defendant and his subsequent job searches.

**COUNT I**

**(Promissory Estoppel)**

14. Plaintiff restates and incorporates the foregoing paragraphs as if fully rewritten herein.

15. Defendant, through its agent and employee Ashley Gamble, made promises of employment to Plaintiff on which Defendant should reasonably have expected would induce Plaintiff to act in reliance.

16. Plaintiff did in fact act in reliance on Defendant's promises of employment, all now to Plaintiff's detriment.

17. Defendant is estopped from denying the enforceability of its promises to Plaintiff. Justice can only be avoided by enforcement of the promises.

18. As a result of Defendant's refusal to enforce its promise, Plaintiff has suffered damages, including lost future wages, attorney fees, costs, and interest.

**COUNT II**

**(Breach of Contract)**

19. Plaintiff restates and incorporates the foregoing paragraphs as if fully rewritten herein.

20. Plaintiff and Defendant entered into a contract of employment.

21. Plaintiff substantially performed his obligations under the contract, as evidenced by the fact that he terminated his previous employment, submitted to a drug screen, and made other preparations required under the contract.

22. Defendant breached the contract when it summarily terminated Plaintiff from his position as Home Security Installation Technician the day before he was to begin work.

23. As the direct and consequential result of Defendant's breach, Plaintiff has suffered injury and damage for which he is entitled to compensation.

**COUNT III**

**(Fraudulent Misrepresentation)**

24. Plaintiff restates and incorporates the foregoing paragraphs as if fully rewritten herein.

25. Defendant, through its agents, employees, and officers, acting within the scope and nature of their agency or employment, represented to Plaintiff that Defendant was in need of a Home Security Installation Technician to work with the Company, and that Plaintiff would begin work for Defendant on August 30, 2013 after terminating his employment elsewhere.

26. Defendant knew that such representations were false.

27. Defendant knew or should reasonably have expected that the above misrepresentations were material and would induce Plaintiff to act in reliance on such misrepresentations.

28. Plaintiff did in fact act in justifiable reliance on Defendant's misrepresentations, all now to Plaintiff's detriment.

29. As a direct and proximate result of Defendant's fraudulent misrepresentations as set forth above, Plaintiff has suffered damages including lost earnings, emotional distress and humiliation, attorney fees, costs, and expenses.

**COUNT IV**

**(Negligent Misrepresentation)**

30. Plaintiff restates and incorporates the foregoing paragraphs as if fully rewritten herein.

31. Defendant, through its agents and employees, misrepresented false information that Defendant was in need of a Home Security Installation Technician with the Company, and that Plaintiff would begin work for Defendant on August 30, 2013 after terminating his employment elsewhere, which Defendant knew or should have known was false.

32. Plaintiff justifiably relied upon the representations of false information.

33. Defendant failed in its duty to Plaintiff to exercise reasonable care in obtaining and communicating the information.

34. As a direct and proximate result of Defendant's failure as set forth above, Plaintiff suffered damages including lost earnings, emotional distress and humiliation, attorney fees, costs, and interest.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a) That Plaintiff be reinstated to his employment and benefits effective August 30, 2013;

(b) That Plaintiff be awarded all lost earnings and benefits;

(c) That Plaintiff be awarded compensatory damages, including damages for emotional distress;

(d) That Plaintiff be awarded punitive damages;

(e) That Plaintiff be awarded reasonable attorney's fees and costs;

(f) That Plaintiff be awarded pre-judgment and post-judgment interest;

(g) That Plaintiff be awarded liquidated damages; and

(h) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

Randolph H. Freking (0009158)
Trial Attorney for Plaintiff
FREKING & BETZ, LLC
525 Vine Street, Sixth Floor
Cincinnati, OH 45202
Phone: (513) 721-1975/Fax: (513) 651-2570
*rfreking@frekingandbetz.com*

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

CERTIFIED COPY
JAMES L. SPAETH, CLERK
WARREN COUNTY, OHIO
COMMON PLEAS COURT
BY
DEPUTY

MasTec
Advanced Technologies

August 16, 2013

Joshua Dale Godfrey
4744 Shephard rd.
Batavia, Ohio 45103

Dear Joshua:

We are pleased to extend to you this offer of employment with MasTec Advanced Technologies (the "Company"). This letter confirms the verbal offer made to you for the position of Home Security Installation Technician reporting to Daniel Krieger, Field Technician Supervisor. Your position will be based in Cincinnati, OH with a start date of August 30th, 2013.

The terms of employment are as follows:

**Compensation:**

Your initial full-time, non-exempt hourly rate of pay will be $17.00 per hour, less all applicable taxes and withholdings. You will receive overtime wages at a rate of $25.50 for any time worked over 40 hours per week. The Company pays one week in arrears. All paychecks are paid bi-weekly on Fridays, unless otherwise required by state law.

**Benefits:**

You will be eligible to participate in the Company's benefit programs outlined below:

1. As of your first day of employment, you will be able to take advantage of various discount programs.
2. On the first day of the month following or coinciding with 30 calendar days of full time employment, you will be eligible for participation in our benefits listed below. You may enroll your eligible dependents in select benefits in addition to yourself.
   - Medical (including pharmacy), Dental, and Vision plans.
   - Basic Life Insurance and Accidental Death & Dismemberment coverage is provided to all full-time employees at no cost in the amount of one times their annual salary up to a maximum of $50,000.
   - Supplemental Life Insurance and Accidental Death & Dismemberment (AD&D), Short Term Disability, and Long Term Disability are also available.
   - Aflac- Accident Insurance, Cancer Insurance and Hospital Confinement.
3. On the first day of the month following 30 calendar days of full time employment, you will be eligible for participation in our 401(k) retirement plan.
4. On the first of each calendar quarter after completing 30 days of full time employment, you will be eligible for participation in our Employee Stock Purchase Plan (ESPP).
5. In the month of your first anniversary and thereafter once every 12 months, you will be

eligible for a Safety Boot Reimbursement up to $75.00 in accordance with Company Policy. Request for reimbursement can occur as early as the first day of the month of your first anniversary and the last day of the month following the month your anniversary occurred. Boots must meet the requirements as noted by the Company: Six (6") inch tall work boot with ½ inch vertical heel (warehouse personnel are required to wear steel toed boots with well-define heel).

You will receive a benefits enrollment packet during your new hire orientation. Specific details regarding all of your benefits will be provided and reviewed with you during this time. If you have any additional questions following your orientation please contact the Benefits Department at 1-866-337-3249 x 6483. In the meantime, enclosed is a current summary of the benefits identified above with rates effective as of January 1, 2013.

**Paid Time Off:**

**Vacation:** The Company provides paid vacation based on length of service. Following 90 days of completed service, you will be eligible to utilize forty (40) hours vacation pro-rated based on your start date in the calendar year in which you are hired (see chart below). On January 1 following your date of hire, you will be eligible for forty (40) hours paid vacation. The hours granted each year must be utilized by December 31 of the year granted or they will be lost unless otherwise required by state law.

| Hire Date | Non-Exempt – Prorated PTO |
|---|---|
| 1/1 – 3/31 | 40 Hours |
| 4/1 – 6/30 | 28 Hours |
| 7/1 – 7/30 | 16 Hours |
| 8/1 – 8/30 | 8 Hours |
| 9/1 – 12/31 | 0 Hours |

**Holidays:**

The Company currently observes six (6) paid holidays, including New Years Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day. Due to the nature of our business, you may be required to work on certain holidays.

**Floating Holiday:**

Following 90 days of employment, you are eligible to receive up to two (2) paid floating holidays in the year hired (see chart below) and thereafter two (2) floating holidays per year. These holidays must be preapproved by your supervisor and can be taken together or separately. These days must be utilized before December 31 each year or they will be lost.

| Hire Date | All Employees - Floating Holidays |
|---|---|
| 1/1 – 6/30 | 2 days |

| 7/1 – 8/30 | 1 day |
|---|---|
| 9/1 – 12/31 | 0 days |
| Thereafter on 1/1 | 2 days |

**Conditions of Employment:**

__Pre-Employment Screening:__ Please be advised that this offer is contingent upon successful completion of pre-employment screening required of all Company employees, including but not limited to: pre-employment background investigation, drug screen, driving record, and references. Drug screening must be completed within two business days of receipt of this offer of employment. Failure to complete this screening within the allotted period may result in this offer being rescinded. You will receive an email with directions for completing the Drug Screening within 24 hours.

__Employment Eligibility (I-9):__ We are required by federal law to examine documentation of your employment eligibility. On your first day of work, please bring with you evidence of your U.S. citizenship or proof of your legal right to work in the U.S. The list of acceptable documents is enclosed.

__Previous Agreements:__ Please provide copies of any non-competition, non-disclosure, non-solicitation agreements that you have signed over the past twelve months so that we are aware of any restrictions that may carry forward to your employment with MasTec, Inc.

__At-Will:__ Employment with the Company is on an At-Will basis. This means that employment may be terminated for any or no reason, with or without cause or notice, at any time by you or by the Company. Only the Chief Executive Officer or the Group President has the authority to modify the At-Will employment relationship, and then only in writing. Nothing in this letter should be construed as creating any other type of employment relationship.

__Rules of Conduct:__ It is the policy of the Company that certain rules and regulations regarding job performance and conduct are necessary for efficient business operations and for the benefit and safety of all employees. The Company Handbook and Policies and Procedures provide a more detailed description of the standards of conduct that are expected of employees.

__Orientation & Training Period:__ The Company requires that all new employees complete, to the Company's satisfaction, an orientation and training period. This orientation and training period does not create a guarantee of employment for any specific period of time.

**Employment Relationship:**

Your employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or without cause. Any contrary representations that may have been made to you are superseded by this offer. This is the full and complete agreement between you and the Company on this term. Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and

procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and the Chief Executive Officer and/or Group President of the Company.

By your signature below, you represent and warrant to the Company that you are not subject to any employment, non-competition or other similar agreement or restriction that would prevent or interfere with the Company's employment of you on the terms set forth herein.

This offer letter sets forth the entire understanding of the parties with respect to the subject matter and supersedes and replaces all oral and written agreements, if any, between the parties with respect to this offer of employment.

Kindly acknowledge your acceptance of these employment terms by signing, dating this letter either in person, or scan and e-mail to Ashley.Gamble@mastec.com within 3 days of receipt of this offer. Please give the original signed letter to your supervisor on your first day.

If you have any questions, please do not hesitate to contact your recruiter. A copy of this letter will be included in your personnel file.

We are pleased to have you join our team and are confident that you will enjoy and contribute to the continued success of our organization.

Sincerely,

MasTec Advanced Technologies, Inc.

By: Ashley Gamble
Recruiter

Accepted by: Joshua Dale Godfrey

8/16/13
Date

MAY 2 0 2015