# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOSHUA GODFREY,       )
                         )
      Plaintiff,     )
                         )  Case No. 1:15-cv-409
vs.                    )
                         )
MASTEC, INC.        )
                         )
      Defendant.   )

## O R D E R

This matter is before the Court on the Defendant's Motion to Dismiss the Complaint (Doc. No. 2).  For the reasons that follow, the Defendant's motion is well-taken and is **GRANTED**.

## I. Background

Plaintiff Joshua Godfrey ("Plaintiff") presents claims against Defendant Mastec, Inc. ("Defendant") for breach of contract, promissory estoppel, fraudulent misrepresentation and negligent misrepresentation.

As stated in Plaintiff's complaint, "on August 16, 2013 Defendant extended a written offer for employment to Plaintiff" for the position of "Home Security Installation Technician at the Defendant's Cincinnati location."  Compl. ¶ 6. The offer letter indicated that Plaintiff's anticipated start date with Defendant was August 30, 2013. Compl. ¶ 8. Defendant retracted the job offer made to Plaintiff on August 29, 2013. Compl. ¶ 11. The complaint alleges that "various promises and representations made in August of 2013 regarding Plaintiff's future employment as a Home Security Installation Technician with Defendant induced Plaintiff to leave the job he had held for over a year." Compl. ¶

12. The complaint further alleges that "Defendant's promises prevented Plaintiff from earning the pay that he would have received from his previous employment, and caused him to incur expenses related to preparation for the job with Defendant, and his subsequent job searches." Compl. ¶ 13.

Plaintiff filed a complaint on June 22, 2015 asserting claims against Defendant for promissory estoppel, breach of contract, fraudulent misrepresentation and negligent misrepresentation. Plaintiff's complaint includes a jury demand and claims for reinstatement, all lost earnings and benefits, compensatory damages, punitive damages, attorney's fees and costs, pre-judgment and post-judgment interest, and liquidated damages.  Defendant removed the case to this Court on June 19, 2015 on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1)[1] and filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on June 25, 2015.

First, Defendant argues that Plaintiff's breach of contract claim fails because there was no contract that altered the at-will relationship and that Plaintiff's promissory estoppel claim fails because there was no promise of continued employment. Def. Mastec Inc.'s Mot. to Dismiss Pl.'s Compl., at 4, 6.

Second, Defendant argues that Plaintiff's fraudulent misrepresentation claim fails because he fails to allege fraud with requisite particularity and because a negligent misrepresentation claim is inapplicable in the employer/employee context.  Moreover, Defendant argues, even if Plaintiff could establish that it misrepresented information

---

[1] The Notice of Removal filed on June 19, 2015 failed to sufficiently allege the citizenship of the Plaintiff. An amended Notice of Removal was filed on September 15, 2015 in which the citizenship of the Plaintiff was properly alleged.  Thus diversity of citizenship was satisfied.

regarding his employment he cannot establish that he justifiably relied on any such alleged misrepresentation. Def. Mastec Inc.'s Mot. to Dismiss Pl.'s Compl., at 8, 10, 12.

In opposition, Plaintiff argues that he has stated a claim for relief because he suffered damages because of Defendant's promise of employment.  Pl.'s Mem. In Opp'n to Def.'s Mot. To Dismiss, at 4.  Plaintiff contends that he has sufficiently alleged all of the elements of his promissory estoppel, breach of contract, and fraudulent misrepresentation claims. He does not, however, dispute the dismissal of the his negligent misrepresentation claim. Pl.'s Mem. In Opp'n to Def.'s Mot. To Dismiss, at 1 n.1.

At this juncture, the Defendant's motion to dismiss is fully briefed and ready for disposition.

## II. Standard of Review

A motion to dismiss for failure to state a claim operates to test the sufficiency of the complaint. The court must construe the complaint in the light most favorable to Plaintiff, and accept as true all well-pleaded factual allegations. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The court need not accept as true legal conclusions or unwarranted factual inferences. Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 405 (6th Cir. 1998).

The complaint, however, must contain more than labels, conclusions, and formulaic recitations of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The factual allegations of the complaint must be sufficient "to raise [the] right to relief above the speculative level." Id. (quoting Twombly, 550 U.S. at 555).

Nevertheless, the complaint is still only required to contain "a short[,] plain statement of the claim" indicating "that the pleader is entitled to relief." Id. (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007)). "Specific facts are not necessary" and the pleader is only required to give fair notice of the claim "and the grounds upon which it rests." Id. (quoting Erickson, 551 U.S. at 93). As indicated by Rule 9(b), however, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. Rule Civ. P. 9(b). It must be noted that, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Mere conclusions, however, are not entitled to the assumption of truth. Id. at 678-79. A claim is facially plausible if it contains "content [which] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). Plausibility is not the same as probability, but the complaint must plead "more than a [] possibility that [the] defendant has acted unlawfully." Id. If the complaint pleads conduct which is only consistent with the defendant's liability, it fails to state a plausible claim for relief. Id.

III. Analysis

A. Promissory Estoppel

"Under Ohio law, an at-will employee can seek, under a theory of promissory estoppel, to prevent her employer from terminating her employment." Koval v. Dow Jones & Co., 86 F. App'x 61, 72 (6th Cir. 2004) (citing Mers v. Dispatch Printing Co., 483 N.E.2d 150, 154-55 (Ohio 1985)). In asserting a claim of promissory estoppel, the

plaintiff "must show that the employer has made a promise clear and unambiguous in its terms to the employee, that he relied on that promise, that the reliance was reasonable and foreseeable, and that he suffered injury on account of the reliance." Id. at 72 (quoting Nealon v. City of Cleveland, 746 N.E.2d 694, 699 (Ohio Ct. App. 2000)). "[T]he employer's representation is to be determined by what the 'promisor should reasonably expect' the *employee* to believe the promise means if expected action or forbearance results." Kelly v. Georgia-Pacific Corp., 545 N.E.2d 1244, 1250 (Ohio 1989) (quoting Mers, 483 N.E.2d at 154-55) (emphasis in original). "[A] promise of future benefits or opportunities *without a specific promise of continued employment* does not support a promissory estoppel exception to the employment-at-will doctrine." Koval, 86 F. App'x at 72 (quoting Wing v. Anchor Media, Ltd. of Texas, 570 N.E.2d 1095, 1096 (Ohio 1991)) (emphasis in original)).

In instances where Ohio appellate courts have considered claims for promissory estoppel when an employment offer was withdrawn after an individual was provided with an offer letter, the existence of "a specific promise of continued employment" was of paramount importance. See Clark v. Collins Bus. Corp., 736 N.E.2d 970, 974 (Ohio Ct. App. 2000) (quoting Wing, 570 N.E.2d at 506); see also Tripp v. Beverly Enters.-Ohio Inc., No. 21506, 2003 WL 22956442, at *9 (Ohio Ct. App. Dec. 17, 2003) (quoting Rigby v. Fallsway Equip. Co., Inc., 779 N.E.2d 1056, 1061-62 (Ohio Ct. App. 2002)) ("Appellant 'must demonstrate detrimental reliance on specific promises of job security to create an exception to the employment-at-will doctrine'. . . . Appellant has failed to offer any evidence of a clear and unambiguous promise of job security. The offer letter clearly indicates the at-will nature of Appellant's offered employment.").

As noted by Defendant in its motion, this principle was most clearly demonstrated in Clark. There, the plaintiff received an offer of employment from Defendant Collins Bus Corporation. Clark, 736 N.E.2d at 972. He was sent an offer letter that discussed his expected compensation, insurance, bonus and other information. Id.  His indicated start date was November 1, 1997. Id.  After signing the offer letter, Clark notified his current employer of his resignation. Id.  On October 23, 1997, however, Collins withdrew the offer of employment, due to some concerns regarding plaintiff's employment by one of its existing customers. Id. In considering plaintiff's claim of promissory estoppel, the court said that "'[i]n the absence of a 'specific promise of continued employment,' a promise of future benefits or opportunities does not support a promissory estoppel exception to the employment-at-will doctrine." Id. at 974 (quoting Wing, 570 N.E.2d at 1096 syl. ¶ 2). Furthermore, the court stated that "[s]ince a written contract without an expressed term of duration is for at-will employment, no durational terms may be inferred." Id. at 974.   The Clark court concluded, therefore, that plaintiff could not establish a promissory estoppel claim as a matter of law. Id.

In this case, the only promise of employment was contained in the offer letter, signed by Plaintiff and Ashley Gamble, a recruiter for the Defendant. Compl. Ex. A. In this case, the offer letter stated that the offer given to Plaintiff was for at-will employment.  Specifically, the letter stated:

> At-Will: Employment with the Company is on an At-Will basis. This means that employment may be terminated for any or no reason, with or without cause or notice, at any time by you or by the Company. Only the Chief Executive Officer or the Group President has the authority to modify the At-Will employment relationship, and then only in writing. Nothing in this letter should be construed as creating any other type of employment relationship.

…

Employment Relationship:

Your Employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or without cause. Any contrary representations that may have been made to you are superseded by this offer. This is the full and complete agreement between you and the Company on this term. Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and the Chief Executive Officer and/or Group President of the Company.

Compl. Ex. A. The letter furthermore indicated that the written offer contained in the offer letter "supersede[d] and replace[d] all oral and written agreements" in existence "between the parties." Compl. Ex. A. As Defendant argues, the offer letter indicates that it cannot be construed as providing a "clear and unambiguous" promise of employment. Indeed, "at-will" signals just the opposite. See Tripp, 2003 WL 22956442, at *9 ("In this particular case, Appellant has failed to offer any evidence of a clear and unambiguous promise of job security. The offer letter clearly indicates the at-will nature of Appellant's offered employment.").  Accordingly, the Court concludes that the Plaintiff has failed to allege facts that would allow a reasonable inference that Defendant made a promise of employment to him.

Furthermore, Plaintiff has failed to allege facts which would allow an inference that his reliance on the offer letter was reasonable. First, Plaintiff acknowledged the at-will nature of his employment by signing the offer letter which indicated that his employment would be at-will. See Melott v. ACC Operations, Inc., No. 2:05-CV-063, 2006 WL 1892656, at *7 (S.D. Ohio July 10, 2006) (finding that the Plaintiff's acknowledgment of the at-will nature of her employment prevented her reliance on the

7

position from being reasonable). Second, as noted by the Defendant, the lack of a specified duration of employment prevents Plaintiff's reliance from being considered reasonable. See id. (citing Penwell v. Amherst Hosp., 616 N.E.2d 254, 257 (Ohio Ct. App. 1992)) ("absent a specific promise, an employee is 'hard pressed to demonstrate that he was justified in detrimentally relying on the employer's representations'")).  The Court, therefore, concludes that the Plaintiff failed to allege facts that would allow a reasonable inference that his reliance on the offer letter was reasonable.

Newkirk v. Precision Automotive, No. 12498, 1992 WL 41832 (Ohio Ct. App. March 3, 1992), cited by Plaintiff, does support his promissory estoppel claim. Newkirk, however, appears to be the minority viewpoint in promissory estoppel cases. Nevertheless, Wing makes clear that "a promise of future benefits or opportunities without a specific promise of continued employment does not support a promissory estoppel exception to the well-established doctrine of employment at will."  570 N.E.2d at 1099.  The majority view is that an offer for at-will employment under the facts alleged by Plaintiff precludes a claim for promissory estoppel. See Zwiebel v. R.J. Corman R.R. Co./Material Sales, No. 3:11 CV 00236, 2013 WL 444348, at *6 (N.D. Ohio Feb. 4, 2013), Vennekotter v. Ohio Turbine Ctr., Inc., No. 12-2000-12, 2001 WL 49351, at *4 (Ohio Ct. App. Jan. 18, 2001); Clark v. Collins Bus. Corp., 736 N.E.2d 970, 973-74 (Ohio Ct. App. 2000); Nealon v. City of Cleveland, 746 N.E.2d 694, 699-700 (Ohio Ct. App. 2000); Baker v. Northwest Hauling, No. WD-02-050, 2003 WL 21489619, at *2-3 (Ohio Ct. App. June 30, 2003).

Accordingly, the Defendant's motion to dismiss Plaintiff's promissory estoppel claim on the grounds that the Plaintiff failed to state a claim upon which relief can be granted is well-taken and is **GRANTED**.

## B. Breach of Employment Contract

"Under Ohio law, there is a strong presumption in favor of a contract terminable at will." Melott v. ACC Operations, Inc., No. 2:05-CV-063, 2006 WL 1892656, at *4 (S.D. Ohio July 10, 2006) (quoting Mers v. Dispatch Printing Co., 483 N.E.2d 150, 153 (Ohio 1985)). A claim for breach of contract for employment is proper if the employee in question "establishes the existence of an agreement that alters the terms of the discharge." Id. (citing Mers, 483 N.E.2d at 154). To succeed on a claim for breach of contract under Ohio law, an employee "must show: (1) the existence of a binding contract," (2) performance of the contract by the employee, (3) breach of the contract by the employer, and (4) damage to the employee caused by the employer's breach. Id. (citing Samadder v. DMF of Ohio, Inc., 798 N.E.2d 1141, 1147 (Ohio Ct. App. 2003)). In the absence of a specified duration of time for employment, the employment relationship continues to be considered "at-will." Goddard v. Abbott Labs., No. 2:03-CV-525, 2005 WL 1388389, at *4 (S.D. Ohio June 10, 2005) (citing Henkle v. Educ. Research Council of Am, 344 N.E.2d 118 (Ohio 1976)). The setting of a start date and an hourly wage is not sufficient to alter the at-will status of an employee. Melott, 2006 WL 1892656, at *6 (quoting Henkle, 344 N.E.2d at 121 ("A hiring at so much a day, week, month, or year, no time being specified, is an indefinite hiring, and no presumption attaches that it was for a day even.")).

Furthermore, Ohio appellate courts considering breach of contract claims based upon an offer letter indicating at-will employment, have found that an indication of the duration of the expected employment is necessary. See Clark, 736 N.E.2d at 973 ("In this case, the parties, employee and employer, acknowledge the written employment agreement comprised of the letter offering employment terms . . . No express term for duration of employment is written in any regard, and thus, the contract at issue was for employment at will."); see also Gill v. Monetary Mgmt. Corp., No. 69949, 1996 WL 532080, at *3 (Ohio Ct. App. Sep. 19, 1996) ("We have reviewed carefully the letter offer, and while it expansively describes various terms of the new employment, it does not specify for how long the employment will last – in short, no tenure or duration is specified. It is a fundamental tenet of Ohio employment law that, in the absence of evidence of an agreement for a specified term, at-will employment status prevails.").

In this case, no binding contract for a specific duration of employment was entered into by the parties. The offer letter does not indicate any specified duration for Plaintiff's employment. To the contrary, the offer letter indicates repeatedly that the employment relationship is to be at-will. As such, the Court concludes that the Plaintiff has failed to allege facts which permit a reasonable inference that a binding contract was entered into by the parties. The term "at-will" leads one to the opposite conclusion.

Accordingly, the Defendant's motion to dismiss Plaintiff's breach of contract claim on the grounds that Plaintiff failed to state a claim upon which relief could be granted, is well taken and is **GRANTED**.

## C. Fraudulent Misrepresentation

10

Under Ohio law, the elements of fraudulent misrepresentation are: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." Abel v. Auglaize Cty. Highway Dep't, 276 F. Supp.2d 724, 742-43 (N.D. Ohio 2003) (quoting Russ v. TRW, Inc., 570 N.E.2d 1076, 1083 (Ohio 1991)); see also Milner v. Biggs, 522 F. App'x 287, 294 (6th Cir. 2013) (quoting Funk v. Durant, 799 N.E.2d 221, 224 (Ohio Ct. App. 2003)).  When alleging fraudulent misrepresentation, the party "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Such an allegation "must state the specific circumstances surrounding the alleged fraud with particularity." AAA Installers v. Sears Holdings Corp., 764 F. Supp.2d 931, 939 (S.D. Ohio, 2011) (quoting Wagner v. Circle W Mastiffs, 732 F. Supp.2d 792, 806 (S.D. Ohio 2010)).  This requirement puts the defendant on notice of the "specific conduct giving rise to the suit so" that it may properly prepare the pleading in response.  Id. (quoting Wagner, 732 F. Supp.2d at 806).  To meet this requirement, a claim must sufficiently specify:

> [T]he parties and the participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading or false, the time, place and content of the misrepresentations, the fraudulent scheme, the fraudulent intent of the defendants, reliance on fraud, and the injury resulting from the fraud.

Id. (quoting Michaels Bldg. Co. Ameritrust Co., N.A., 848 F.2d 674, 679 (6th Cir. 1988)).

11

Here, review of Plaintiff's complaint indicates that he failed to sufficiently allege the circumstances of the alleged fraud.  Plaintiff sufficiently alleges the first two elements necessary, a representation, which is "material to the transaction at hand." Plaintiff received an offer of employment from Defendant stating that he was scheduled to begin work as a Home Security Installation Technician on August 30, 2013. Compl. ¶ 6, 8. Further review of the complaint, however, indicates that the Plaintiff failed to sufficiently allege at least two of the remaining elements.

First, as Defendant argues, Plaintiff fails to allege any facts which would allow the Court to infer that Defendant knew that Plaintiff would not be permitted to begin work on August 30, 2013. Although the complaint states that "Defendant knew that such representations were false," this is not sufficient to meet the required pleading standard. As previously stated, the complaint must contain more than labels, conclusions and formulaic recitation of the elements of the claim. Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Furthermore, "the general rule is that fraud cannot be predicated upon a representation concerning a future event." Abel v. Auglaize Cty. Highway Dep't, 276 F. Supp.2d 724, 743 (N.D. Ohio 2003) (quoting Link v. Leadworks Corp., 607 N.E.2d 1140, 1145 (Ohio Ct. App. 1992)) ("explaining that a mere prediction about the future does not constitute a fraudulent misrepresentation unless there is a present intent not to perform")). The offer letter given to Plaintiff stating that he would be an at-will employee presented a future date to begin his employment.  As the Plaintiff has not alleged facts which would allow the Court to infer that Defendant had no intention to allow him to begin work on the indicated date, Plaintiff cannot satisfy this element.

Second, and finally, Plaintiff fails to allege facts which would allow the Court to infer that his reliance on the offer letter was justified. As previously stated, the offer letter indicated that the employment would be at-will. Although the letter did indicate a start date, the at-will nature of the employment, along with the fact that no duration for future employment was provided, leads to the conclusion that the Plaintiff's reliance on the offer letter was not justified. See Baker v. Nw. Hauling, No. WD-02-050, 2003 WL 21489619, at *3 (Ohio Ct. App. June 30, 2003) (finding "since justifiable reliance is one of the elements that must be proved to support either one of the claims of misrepresentation and there can be no justifiable reliance in an employment at-will context such as the one in this case, appellant's argument must fail."). Furthermore, one cannot justifiably rely on "statements of future intentions and conduct, and opinion . . . as a matter of law." Gouge v. Bax Global, Inc., 252 F. Supp.2d 509, 518 (N.D. Ohio 2003) (citing Tibbs v. Nat'l Homes Constr. Corp., 369 N.E.2d 1218, 1222-23 (Ohio Ct. App. 1977)); see also Mesaros v. FirstEnergy Corp., No. 5:04 CV 2451, 2005 WL 2460739, at 9 (N.D. Ohio Oct. 5, 2005) (citing Abel v. Auglaize Cty. Highway Dep't., 276 F. Supp.2d 724, 743 (N.D. Ohio 2003)) ("Mr. Ewing's statement of opinion regarding a future event is not a representation that can form the basis of a fraud claim and Plaintiff could not reasonably rely on that statement of opinion. Fraud cannot be predicated upon a representation or opinion concerning a future event."). Because Defendant's alleged misrepresentation concerned a future event, Plaintiff fails to state a claim for fraudulent misrepresentation.

Accordingly, Defendant's motion to dismiss Plaintiff's claim of fraudulent misrepresentation on the grounds that Plaintiff failed to state a claim upon which relief can be granted is well-taken and is **GRANTED**.

IV. Conclusion

In conclusion, the motion to dismiss the complaint is well-taken and is **GRANTED**. The complaint is dismissed with prejudice.

**IT IS SO ORDERED**

Date  November 25, 2015             s/Sandra S. Beckwith    
                                    Sandra S. Beckwith
                            Senior United States District Judge